IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| AARON SLOAN, | ) | |
|---|---|---|
| Plaintiff | ) | C.A. No. 13-104 Johnstown |
| | ) | |
| v. | ) | |
| | ) | District Judge Gibson |
| DAVID PITKINS, et al., | ) | Magistrate Judge Baxter |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Defendants' partial motion to dismiss [ECF No. 22] be granted in part and denied in part. It is further recommended that, pursuant to the authority granted the Court by the Prison Litigation Reform Act, Plaintiff's claims against Defendants John Doe and Jane Doe be dismissed. In addition, Plaintiff's "motion for Fed.R.Civ.P. 56(d) relief" [ECF No. 25] should be denied as moot.

### II. REPORT

#### A. Relevant Procedural History

Plaintiff Aaron Sloan, a prisoner incarcerated at the State Correctional Institution at Somerset, Pennsylvania ("SCI Somerset"), instituted this *pro se* civil rights action on May 16, 2013, pursuant to 42 U.S.C. § 1983. Named as Defendants are David Pitkins ("Pitkins"), Western Region Deputy Secretary for the Pennsylvania Department of Corrections ("DOC"), Gerald Rozum ("Rozum") Superintendent at SCI Somerset, and the following staff members at SCI Somerset: C.O. Ronald Coutts ("Coutts"); Lieutenant Thomas Fultz ("Fultz"); C.O. Mark Baker ("Baker"); C.O. Shawn Hause ("Hause"); C.O. Michael Valko ("Valko"); Hearing

1

Examiner Joseph Dupont ("Dupont"); C.O. Jason Sossong ("Sossong"); and Grievance Coordinator Heidi Sroka ("Sroka"). Plaintiff also named as Defendants two unnamed individuals identified as C.O. John Doe and Nurse Jane Doe, neither of whom has been served with the complaint in this matter.

Plaintiff alleges that Defendants violated his rights under the first, eighth, and fourteenth amendments to the United States Constitution, retaliated against him for exercising his First Amendment rights, and committed conspiracy. In addition, Plaintiff raises a number of state tort claims, including negligence, medical negligence, defamation, assault and battery, and negligent/intentional infliction of emotional distress. As relief for his claims Plaintiff seeks declaratory and injunctive relief and monetary damages.

On December 5, 2013, Defendants filed a partial motion to dismiss [ECF No. 22], seeking dismissal of Plaintiff's Fourteenth Amendment due process claim against Defendant Dupont, his supervisory claims against Defendants Pitkins, Rozum and Sroka, and his conspiracy claim, arguing that they fail to state claims upon which relief may be granted. In addition, Defendants seek dismissal of Plaintiff's state tort claims on the basis of sovereign immunity. Plaintiff has since filed a response to Defendants' motion. [ECF No. 26].[1] This matter is now ripe for consideration.

---

[1] Plaintiff's brief in response was accompanied by a "motion for Fed.R.Civ.P. 56(d) relief" [ECF No. 25], which was apparently filed based upon his misunderstanding of the Court's Order requiring a response to Defendants' motion [ECF No. 24]. Apparently, Plaintiff construed the Order as stating that Defendants' motion would be converted to a summary judgment motion under Rule 56 of the Federal Rules of Civil Procedure and that, as a result, he was required to file a more comprehensive response, including supporting documentation. Based upon this misunderstanding, Plaintiff has requested relief from submitted supporting documentation because he has not yet conducted discovery. Because Defendants' motion is not being construed as a summary judgment motion and is being decided on the pleadings and the misconduct records to which Plaintiff refers in his complaint, the relief Plaintiff requests in his motion [ECF No. 25] is moot, and said motion should be denied accordingly.

**B.** **Relevant Factual History**

On July 1, 2010, Plaintiff was taken by Defendant Coutts and another unnamed prison official to be seen by the Program Review Committee ("PRC") (ECF No. 6, Complaint, at Section IV.C at ¶1). On the way, Defendant Coutts allegedly became "verbally aggressive" toward Plaintiff, threatening that Plaintiff would physically suffer for statements he made about Coutts in his appeal to the PRC (Id. at ¶ 2). During his meeting with the PRC, Plaintiff informed the PRC about Defendant Coutts's "wrongs and other issues," after which Coutts continued to be threatening and verbally aggressive toward Plaintiff (Id. at ¶ 3).

On July 15, 2010, while Plaintiff was in the recreation pen, Defendants Coutts and Sossong began laughing and joking about Plaintiff being "ready," while making reference to complaints filed by Plaintiff against prison officials (Id. at ¶ 4). Plaintiff called to Defendant Fultz for assistance because he became concerned about Coutts's aggressive behavior, but Defendants Fultz, Sossong, Baker, Hause, and Valko, among others, just laughed and made no attempts to separate Coutts from Plaintiff (Id. at ¶ 5). Coutts then "viciously yanked" Plaintiff and "sadistically slammed" him into the door of the building (Id. at ¶ 6). Plaintiff was then "slammed to the floor and sadistically assaulted on or about the body and face" by Defendants Coutts, Sossong, Baker, Valko, Fultz, Hause, and other unnamed prison officials, with no one attempting to stop the assault (Id. at ¶ 7). The same Defendants then dragged Plaintiff by his wrist and ankle restraints across the floor, threw him on his bed and then to the floor, where they began "administering sadistic kicks and stomps on and about Plaintiff's person (Id. at ¶¶ 8-9). Plaintiff alleges that he was then lifted off the floor by his restraints and repeatedly punched "on

and about the head" (Id. at ¶ 10).

After the alleged assault, Defendant Hause and the unidentified Jane and John Doe Defendants went to Plaintiff's cell where Plaintiff asked for medical attention and showed them his injuries; nonetheless, said Defendants denied Plaintiff medical treatment and "left him suffering in excruciatingly severe pain" (Id. at ¶ 12). Later the same day, Defendant Coutts issued a misconduct against Plaintiff for showing acts of aggression and refusing to obey orders (Id. at ¶ 13). A hearing on the misconduct was subsequently held on or about July 23, 2010, before Defendant Dupont, who allegedly denied Plaintiff the opportunity to call witnesses and indicated that no video footage of the incident was available. Defendant Dupont then found plaintiff guilty of the misconduct and ordered Plaintiff to serve "an extended time in atypical and significant hardship confinement," after which Plaintiff's appeals were allegedly ignored (Id. at ¶ 14).[2]

Plaintiff alleges that Defendants Coutts, Sossong, Baker, Valko, Fultz, Hause, and other unnamed prison officials, all denied him access to grievance forms to allow him to grieve the alleged assault and subsequent denial of medical attention (Id. at ¶ 15). As a result, on or about July 21, 2010, Plaintiff submitted a "letter form complaint" about the assault and denial of medical attention to Defendants Rozum, Sroka, and Pitkins, among others; however, Plaintiff alleges that no response was ever provided and no investigation of the incident was ever conducted (Id. at ¶ 16).

---

2

The records of Plaintiff's misconduct hearing upon which Plaintiff's claim against Defendant Dupont is based are attached to Defendants' Brief as Exhibit 1. These records indicate that Plaintiff was sanctioned to a total of 150 days of disciplinary custody in the RHU, where he was already being held.

On August 3, 2010, Plaintiff was transferred from SCI-Somerset to SCI-Camp Hill, where he was provided grievance forms, one of which he completed and mailed to Defendant Sroka regarding the alleged assault and denial of medical attention; however, no response was ever provided (Id. at ¶ 17).

### C. Standards of Review

#### 1. Motion to Dismiss

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)(rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, 556 U.S. 662 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

The Court need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550

U.S. at 555. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D.Del. February 19, 2008) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556.

The Third Circuit Court has prescribed the following three-step approach to determine the sufficiency of a complaint under Twombly and Iqbal:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011), citing Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (quoting Iqbal, 129 S.Ct. at 1947, 1950); see also Great Western Mining & Min. Co. v. Rothschild LLP, 615 F.3d 159, 177 (3d Cir. 2010).

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. <u>Boag v. MacDougall</u>, 454 U.S. 364 (1982); <u>United States ex rel. Montgomery v. Bierley</u>, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); <u>Freeman v. Department of Corrections</u>, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. <u>Gibbs v. Roman</u>, 116 F.3d 83 (3d Cir.1997). <u>See, e.g.</u>, <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); <u>Markowitz v. Northeast Land Company</u>, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### D. Discussion
#### 1. Due Process Claim v. Defendant Dupont

Plaintiff claims that Defendant Dupont violated his Fourteenth Amendment due process rights by denying him witnesses and then finding him guilty of misconduct and sanctioning him to 150 days of disciplinary confinement in the RHU, which Plaintiff claims was an atypical and

significant hardship.

The Supreme Court has held that a prisoner's state created liberty interest is limited to those situations that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). In Sandin, the Supreme Court considered the question of whether segregated confinement implicated a constitutional liberty interest and concluded that "discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." 515 U.S. at 486. See also Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (7 months of disciplinary custody did not implicate liberty interest); Griffin v. Vaughn, 112 F.3d 703 (3d Cir. 1997) (placement of a prisoner in administrative custody for a period of 15 months did not impose atypical and significant hardship on prisoner and, thus, did not deprive due process rights). Thus, the fact that Plaintiff was found guilty of misconduct and sanctioned to only 150 days of disciplinary custody did not implicate a constitutional liberty interest under the Fourteenth Amendment. It follows, therefore, that the alleged denial of witnesses at Plaintiff's misconduct hearing did not violate his due process rights, because Plaintiff did not have a liberty interest to protect. Rivers v. Horn, 2001 WL 312236 at *2 (E.D.Pa. Mar. 29, 2001). Accordingly, Plaintiff's Fourteenth Amendment due process claim against Defendant Dupont arising from the alleged denial of witnesses at his disciplinary hearing and the sanction of 150 days of disciplinary confinement should be dismissed and Defendant Dupont should be terminated from this case.

## 2. Supervisory Claims Against Defendants Pitkins, Rozum, and Sroka

Plaintiff claims that Defendants Pitkins, Rozum, and Sroka violated his constitutional rights by failing to respond to and/or investigate his grievances. Plaintiff claims further that Defendants Pitkins and Rozum were deliberately indifferent to his safety by allegedly disregarding RHU officials' past history of "assaultive and abusive behavior," disregarding their own policy of limiting staff working in the RHU to a maximum of two years, and refusing to stop the alleged practice of facing video cameras in the RHU away from high activity areas. This Court liberally construes these allegations as attempting to set forth a failure to protect claim, as well as a failure to supervise claim, against these Defendants.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action). If a grievance official's only involvement is investigating and/or ruling on an inmate's grievance after

9

the incident giving rise to the grievance has already occurred, there is no personal involvement on the part of that official. Rode, 845 F.2d at 1208; Cooper v. Beard, 2006 WL 3208783 at * 14 (E.D.Pa. Nov. 2, 2006).

In light of the foregoing case law, Plaintiff's claim that Defendants Pitkins, Rozum, and Sroka violated his constitutional rights by failing to respond to and/or investigate his grievances should be dismissed because it fails to state a cognizable claim upon which relief may be granted. Since this is the only claim asserted against her, Defendant Sroka should also be terminated from this case.

As to Plaintiff's deliberate indifference claim against Defendants Pitkins and Rozum, which this Court construes as a failure to protect claim, supervisory liability under § 1983 can be established if the plaintiff shows that the supervising official tolerated past or ongoing misbehavior from subordinate officers. Argueta v. United States Immigration & Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011). In particular, a plaintiff must show that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists;" (3) the defendant actually drew that inference; and (4) the defendant deliberately disregarded the apparent risk. Farmer v. Brennan, 511 U.S. 825, 834-37 (1994). See also Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (the prison official "must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.").

In determining whether a prison official was deliberately indifferent, the court must

"focus [on] what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)." Hamilton v. Leavy, 117 F.3d 742, 747 (3d Cir. 1997). "A prison official's knowledge of a substantial risk is a question of fact and can, of course, be proved by circumstantial evidence." Id. "In other words, it may be concluded that a prison official knew of a substantial risk from the very fact that the risk was obvious." Jones v. Day, 2007 WL 30195, at *4 (W.D. Pa. 2007). For instance:

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

Farmer, 511 U.S. at 942-43 (internal citations omitted).

Here, Plaintiff's allegations that Defendants Pitkins and Rozum were aware of, yet disregarded, a longstanding pattern and history of assaultive and abusive behavior by RHU officials at SCI-Somerset, if proven true, are sufficient to state a failure to protect claim at the pleading stage. Thus, Defendants' motion to dismiss Plaintiff's failure to protect claim against Defendants Pitkins and Rozum should be denied.

### 3. Conspiracy Claim

Plaintiff generally asserts a claim of conspiracy, without setting forth any allegations defining the nature of the conspiracy or identifying the alleged conspirators. As a result, Plaintiff's conspiracy claim fails to state a claim upon which relief may be granted and should be

11

dismissed. See Young v. Kann, 926 F.2d 1396, 1405 n.16 (3d Cir. 1991); Wardell v. City of Erie, 2014 WL 3697945, at *2 n.8 (W.D.Pa. July 24, 2014) ("allegations of conspiracy must be grounded firmly in facts; they cannot be conclusory nor can they hinge on bare suspicions and foundationless speculation").

### 4. State Tort Claims

Plaintiff generally identifies several state torts that one or more Defendants are alleged to have committed against him, including negligence, medical negligence, defamation, assault and battery, and negligent/intentional infliction of emotional distress. Defendants argue that these claims are barred by the doctrine of sovereign immunity and must be dismissed. The Court agrees.

The doctrine of sovereign immunity bars damage claims for state law torts against employees of Commonwealth agencies acting within the scope of their duties, subject to several enumerated exceptions, none of which are applicable here.[3] See 42 Pa.C.S. §§ 8521-8522. Thus, Plaintiff's state tort claims against Defendants should be dismissed accordingly.

---

[3] 42 Pa.C.S. § 8522(b) provides the following list of exceptions to the sovereign immunity covering Pennsylvania state actors: (1) vehicle liability; (2) medical/professional liability; (3) care, custody, or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody, and control of animals; (7) liquor store sales; (8) national guard services; and (9) toxoids and vaccines.

### 5. Prison Litigation Reform Act

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. <u>Nieves v. Dragovich</u>, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. <u>See</u> 28 U.S.C. §1915(e)(2)[4]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. <u>See</u>, e.g., <u>Keener v. Pennsylvania Bd. of Probation and Parole</u>, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated

---

[4] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

As noted earlier, the unnamed Defendants identified as John Doe and Jane Doe were never served in this case, in contravention of this Court's orders, and none of them has had an attorney enter an appearance on his or her behalf. As a result, these Defendants should be dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, as they were not served within 120 days of the date(s) they were named as Defendants in this case.

### III.   CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' partial motion to dismiss [ECF No. 22] be granted in part and denied in part, as follows:

1. The motion to dismiss Plaintiff's Fourteenth Amendment due process claim against Defendant Dupont should be GRANTED and Defendant Dupont should be terminated from this case accordingly;

2. The motion to dismiss Plaintiff's supervisory liability claim against Defendants Pitkins, Rozum, and Sroka, insofar as it relates to their failure to respond to and/or investigate Plaintiff's grievances, should be GRANTED and Defendant Sroka should be terminated from this case accordingly;

3. The motion to dismiss Plaintiff's failure to protect claim against Defendants Pitkins and Rozum should be DENIED and said claim should be allowed to proceed beyond the pleading stage; and

4. The motion to dismiss Plaintiff's conspiracy claim and his state tort claims should be GRANTED.

It is further recommended that, pursuant to the authority granted the Court by the Prison Litigation Reform Act, Plaintiff's claims against Defendants John Doe and Jane Doe be dismissed, and said Defendants be terminated from this case.

Because Defendants' motion has been treated as a motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure, Plaintiff's motion for Fed.R.Civ.P. 56(d) relief [ECF No. 25] should be denied as moot.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: August 25, 2014

cc: The Honorable Kim R. Gibson
United States District Judge