IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON SLOAN, | ) | |
|     Plaintiff | ) | C.A. No. 13-104 Johnstown |
| | ) | |
| v. | ) | |
| | ) | District Judge Gibson |
| DAVID PITKINS, et al., | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that Defendants' partial motion for summary judgment [ECF No. 64] be granted and that summary judgment be entered in favor of Defendant Rozum and against Plaintiff on all remaining claims against Defendant Rozum. It is further recommended that all claims against Defendant Pitkins be dismissed in accordance with Plaintiff's voluntary withdrawal of the same. As a result of the foregoing, Defendants Rozum and Pitkins should be terminated from this case.

**II.    REPORT**

    **A.    Relevant Procedural History**

On May 16, 2013, Plaintiff Aaron Sloan, a prisoner formerly incarcerated at the State Correctional Institution at Somerset, Pennsylvania ("SCI Somerset")[1] instituted this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants David Pitkins ("Pitkins"), Western Region Deputy Secretary for the Pennsylvania Department of Corrections ("DOC"); Gerald

---
[1] Plaintiff is currently incarcerated at the State Correctional Institution at Greene in Waynesburg, Pennsylvania. [ECF

Rozum ("Rozum"), Superintendent at SCI Somerset; and the following staff members at SCI Somerset: C.O. Ronald Coutts ("Coutts"); Lieutenant Thomas Fultz ("Fultz"); C.O. Mark Baker ("Baker"); C.O. Shawn Hause ("Hause"); C.O. Michael Valko ("Valko"); Hearing Examiner Joseph Dupont ("Dupont"); C.O. Jason Sossong ("Sossong"); and Grievance Coordinator Heidi Sroka ("Sroka"); and two unnamed individuals identified as "C.O. John Doe" and "Nurse Jane Doe." Plaintiff's claims arise from an alleged incident of excessive force on July 15, 2010, at SCI-Somerset, when Defendants Coutts, Sossong, Valko, Baker, Hause, and Lt. Fultz allegedly assaulted Plaintiff while escorting him from the RHU exercise pen to his cell.

By Memorandum Order dated September 30, 2014, District Judge Kim R. Gibson adopted this Court's Report and Recommendation that Defendants' partial motion to dismiss be granted as to Plaintiff's due process, conspiracy, and state tort claims, and Plaintiff's supervisory liability claims insofar as they related to an alleged failure to investigate grievances. [ECF No. 32]. As a result of Judge Gibson's Order, Defendants Dupont and Sroka, and unnamed Defendants "C.O. John Doe" and "Nurse Jane Doe" were terminated from this case, and the following claims remain pending: (1) an excessive force and/or failure to intervene claim against Defendants Coutts, Sossong, Valko, Baker, Hause, and Lt. Fultz; (2) a retaliation claim against Defendant Coutts; (3) an Eighth Amendment deliberate indifference to medical needs claim against Defendant Hause; and (4) Eighth Amendment failure to protect and failure to supervise claims against Defendants Pitkins and Rozum.

The parties have completed discovery, and Defendants have filed a partial motion for summary judgment as to Plaintiff's claims against Defendants Pitkins and Rozum, only. [ECF No. 72].

No. 64]. Plaintiff has since filed a brief response to Defendants' motion, in which he voluntarily withdraws his claims against Defendant Pitkins and requests denial of Defendants' motion as to Defendant Rozum. [ECF No. 70]. Thus, Defendants' motion will be addressed as to Plaintiff's claims against Defendant Rozum, only.

### B.    Standards of Review

#### 1.    Summary Judgment

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Under Rule 56, the district court must enter summary judgment against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (19896). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 quoting Fed.R.Civ.P. 56.

The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving party's claims. Celotex, 477 U.S. at 330. See also Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007); UPMC Health System v. Metropolitan Life Ins. Co., 391 F.3d 497, 502 (3d Cir. 2004). When a non-moving party would have the burden of proof at

trial, the moving party has no burden to negate the opponent's claim. Celotex, 477 U.S. at 323. The moving party need not produce any evidence showing the absence of a genuine issue of material fact. Id. at 325. "Instead, … the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Id. After the moving party has satisfied this low burden, the nonmoving party must provide facts showing that there is a genuine issue for trial to avoid summary judgment. Id. at 324. "Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Id. See also Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001); Garcia v. Kimmell, 2010 WL 2089639, at * 1 (3d Cir. 2010) quoting Podobnik v. U.S. Postal Serv., 409 F.3d 584, 594 (3d Cir. 2005) (the non-moving party "must present more than just bare assertions, conclusory allegations or suspicions to show the existence of a genuine issue.").

In considering these evidentiary materials, "courts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion." Scott v. Harris, 550 U.S. 372, 378 (2007) (internal quotation marks and alterations omitted). See also Doe v. Cnty. of Centre, Pa., 242 F.3d 437, 446 (3d Cir. 2001) (when applying this standard, the court must examine the factual record and make reasonable inferences therefrom in the light most favorable to the party opposing summary judgment).

When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. Anderson., 477 U.S. at 248, 255 ("only disputes over facts that might affect the outcome of the suit under the

governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."). In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249.

### 2. *Pro Se* Pleadings

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969) (Apetition prepared by a prisoner... may be inartfully drawn and should be read "with a measure of tolerance"); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997) (overruled on other grounds). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) (discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990) (same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

### C. Discussion

Plaintiff claims that Defendant Rozum was deliberately indifferent to his safety by allegedly disregarding RHU officials' past history of "assaultive and abusive behavior," disregarding his own policy of limiting staff working in the RHU to a maximum of two years, and refusing to stop the alleged practice of facing video cameras in the RHU away from high activity areas. This Court has liberally construed these allegations as setting forth both a failure to protect claim, and a failure to supervise claim. Defendants have moved for summary judgment as to both.

### 1. **Failure to Protect**

A failure to protect claim against a supervisor under § 1983 can be established if the plaintiff shows that the supervising official tolerated past or ongoing misbehavior from subordinate officers. Argueta v. United States Immigration & Customs Enforcement, 643 F.3d 60, 72 (3d Cir. 2011). In particular, a plaintiff must show that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists;" (3) the defendant actually drew that inference; and (4) the defendant deliberately disregarded the apparent risk. Farmer v. Brennan, 511 U.S. 825, 834-37 (1994). See also Beers-Capitol v. Whetzel, 256 F.3d 120, 133 (3d Cir. 2001) (the prison official "must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware.").

In determining whether a prison official was deliberately indifferent, the court must "focus [on] what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)." Hamilton v. Leavy, 117 F.3d 742, 747 (3d Cir. 1997). "A prison official's knowledge of a substantial risk is a question of fact and can, of course, be proved by

circumstantial evidence." Id. "In other words, it may be concluded that a prison official knew of a substantial risk from the very fact that the risk was obvious." Jones v. Day, 2007 WL 30195, at *4 (W.D. Pa. 2007). For instance:

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

Farmer, 511 U.S. at 942-43 (internal citations omitted).

Here, Plaintiff alleges that Defendant Rozum was aware of, yet disregarded, a longstanding pattern and history of assaultive and abusive behavior by RHU officials at SCI-Somerset; however, when asked to support these allegations at his deposition, Plaintiff was unable to do so and simply chose to rely on the allegations of his complaint. For example:

> Q. And why do you say they [Pitkins and Rozum] failed to protect you?
>
> A. I believe I explained it in my Complaint. Due to the history and circumstance – the history of events that was taken place at SCI-Somerset's RHU. Like they was aware that a hostile environment existed.
>
> Q. Well, what that – what were they aware of? What's the hostile environment that you say they were aware of?
>
> A. A history of physical altercations between prisoners and prison officials and prisoners and prisoner and a number of different events that took place in SCI-Somerset's RHU, they well [sic] aware of the facts that things – that corrective measures need to be taken to protect the wellbeing of honorable individuals.
>
> Q. So what were these physical – describe to me these physical altercations that they should have been aware of.

| | | |
|---|---|---|
| A. | I'm unable to specify at the moment. | |
| Q. | Are these things you saw or you've heard about? | |
| A. | Things I heard and saw. | |
| Q. | Okay. Let's talk about the ones you saw. Describe for me the altercations that you've seen before July 15, 2010. | |
| A. | I'm unable to specify at the moment. | |

              *              *              *

Q. You can't recall anything at all about these physical altercations that you witnessed?

A. At the moment, no.

Q. Okay. What kind of corrective measures do you think could have been taken?

A. I'm unable to specify….

              *              *              *

Q. Why are you suing Pitkins and Rozum, Mr. Sloan, for this incident? Why are you suing them?

A. I believe you asked me that question a couple minutes ago and my answer was that they failed to take – they failed to protect me from getting physically assaulted.

Q. And how were they going to protect you from the events of 7/15/2010?

A. They could have put in place more standards that would have prevented these types of things from occurring.

Q. What kind of standards?

A. I'm unable to specify at the moment.

(ECF No. 67-1, Exhibit 1, Deposition of Aaron Sloan, at pp. 6-9 (internal pp. 43-46)).

In contrast to Plaintiff's unsupported allegations, Defendants have submitted the Declaration of Defendant Rozum [ECF No. 67-1, pp. 12-18], who declares, in pertinent part:

> 7. I understand that Inmate Sloan claims I was aware of a "hostile environment" in the RHU and a history of physical altercations among staff/officers and inmates, and I should have taken some "corrective measures" to prevent things like the incident on 7/15/10.
>
> 8. I disagree with his premise and his mischaracterization of conditions in the RHU. First, the records refute Inmate Sloan's suspicions or belief about a history of "assaults" in the RHU. The Department takes allegations of excessive force and abuse against staff very seriously, and each complaint is fully investigated. Yet, out of the 6 experienced RHU officers who were sued in this case, there were only 2 investigations into prior excessive force allegations, and investigations proved both to be unfounded. There simply was not an extraordinary or suspicious number of abuse or excessive force allegations made against these or other RHU staff….

(ECF No. 67-1, Exhibit 2, at ¶¶ 7-8).

In short, the record is devoid of any evidence to support Plaintiff's allegations that Defendant Rozum knowingly disregarded a longstanding, pervasive, or well-documented history of inmate abuse by RHU staff at SCI-Somerset. As a result, summary judgment should be entered in favor of Defendant Rozum and against Plaintiff on his Eighth Amendment failure to protect claim.

### **2.** **Failure to Supervise**

Though less clear, it appears that Plaintiff is also claiming that Defendant Rozum failed

to properly supervise the Defendants charged with assaulting him.

In the context of a failure-to-supervise claim, "the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to this risk; and (4) the injury resulted from the policy or practice." Green v. Bledsoe, 2012 WL 2115491, at * 12 (M.D. Pa. March 27, 2012) quoting Beers-Capitol, 256 F.3d at 134.

In the present case, Plaintiff has failed to identify or produce evidence of a policy or practice that Defendant Rozum failed to employ. Likewise, Plaintiff has failed to produce evidence in support of any of the four prongs of a failure-to-supervise claim. Plaintiff has simply speculated about two alleged policies or practices of which Defendant Rozum was allegedly aware, but was indifferent to changing - directing cameras away from high traffic areas and allowing officers to work in the RHU longer than the time permitted under policy. Neither of these alleged policies or practices is supported by the record. (See ECF No. 67-1, Exhibit 2, Declaration of Gerald Rozum, at ¶¶ 10-11; ECF No. 67-2, Exhibit 6, Declaration of Lt. Thomas Fultz, at ¶¶ 2-5). Accordingly, summary judgment should be entered in favor of Defendant Rozum and against Plaintiff on this claim.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' partial motion for summary judgment [ECF No. 64] be granted, such that summary judgment be entered in favor of Defendant Rozum and against Plaintiff on all remaining claims against Defendant Rozum. It is further recommended that all claims against Defendant Pitkins be dismissed in

accordance with Plaintiff's voluntary withdrawal of the same. As a result of the foregoing, Defendants Rozum and Pitkins should be terminated from this case.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file objections will waive the right to appeal. Brightwell v. Lehman, 637 F. 3d 187, 193 n. 7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: May 4, 2016

cc: The Honorable Kim R. Gibson
United States District Judge